**MOGINRUBIN LLP**
Daniel J. Mogin (SBN No. 95624)
Timothy Z. LaComb (SBN 314244)
4225 Executive Square, Suite 600
San Diego, CA 92037
Telephone:    (619) 687-6611
Facsimile:    (619) 687-6610
dmogin@moginrubin.com
tlacomb@moginrubin.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS,<br><br>  Plaintiff,<br><br>  v.<br><br>MONTE NIDO & AFFILIATES HOLDINGS, LLC,<br><br>  Defendant. | Case No:<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO ALLOW PLAINTIFF TO PROCEED USING A PSEUDONYM**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff hereby moves this Court for an order allowing her to proceed with this action using the pseudonym Jane Doe, and to prosecute this action under that pseudonym.

## MEMORANDUM IN SUPPORT

### I. Introduction

Plaintiff brings this claim to hold Defendant Monte Nido accountable for failing to take reasonable steps to secure their patients' highly sensitive personal, medical, and payment information. Monte Nido operates eating disorder treatment facilities. Plaintiff was a patient at Monte Nido, utilizing one of their residential centers for more than a month. Therefore, if required to proceed under her real name, then Plaintiff would be required to disclose highly personal and stigmatizing information concerning her eating disorder. Courts are legion in permitting plaintiffs to proceed under a pseudonym in similar instances.

As described in detail below, Plaintiff should be permitted to proceed under a pseudonym because: (i) a Court in this District has already determined that Plaintiff can proceed under a pseudonym in an action against an eating recovery center based on its data collection practices; (ii) courts have repeatedly and recently permitted plaintiffs to proceed under a pseudonym in data related cases due to the highly sensitive medical information that would otherwise be disclosed; (iii) Plaintiff's need for anonymity is great given the highly sensitive and stigmatizing nature of the information at issue; (iv) prejudice to Defendant is nonexistent because Plaintiff will disclose her identity to Defendant and participate in discovery; and (v) the public's interest in knowing Plaintiff's name is minimal and far outweighed by its interest in bringing Defendant's unlawful actions to light, obtaining recovery for the injured class members, and not deterring similarly situated plaintiffs from bringing like claims in the future.

### II. Argument

Plaintiffs can proceed under a pseudonym when "nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-1068 (9th Cir. 2000) (quoting *U.S. v. Doe*, 655 F.2d 920, 922, n. 1 (9th Cir. 1981)). The Court must balance the "need for anonymity" with the "prejudice to the opposing party and the public's interest in

knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068. Here, Plaintiff's need for anonymity far outweighs any prejudice to Defendant or public interest in knowing her name.

### A. This District Has Permitted Plaintiff to Proceed Under a Pseudonym in a Similar Case.

On October 27, 2023, Plaintiff filed an action against Eating Recover Center LLC concerning its unlawful interception of data. *See Jane Doe v. Eating Recovery Center LLC*, Case No. 3:23-cv-05561-VC (N.D. Cal.). As here, Plaintiff moved to proceed under a pseudonym because (i) she would be forced to disclose highly personal information concerning her eating disorder, (ii) people with eating disorders face significant stigmas in social and professional settings, and (iii) the defendant would not be prejudiced because Plaintiff agreed to disclose her identity to Defendant and participate in discovery. *Id.* at (ECF No. 6). The Court granted her motion and permitted Plaintiff to proceed under a pseudonym. *Id.* at (ECF No. 11). This case is still ongoing with Plaintiff continuing to proceed under a pseudonym.

### B. This District Routinely Permits Anonymity in Cases Involving Sensitive Health Data.

Courts in this District have repeatedly allowed plaintiffs to proceed under a pseudonym in data-related cases involving sensitive health information. Again, a Court in this District recently permitted this Plaintiff to proceed under a pseudonym for the same reasons presented here. *See infra* at II.A. Other Courts in this District have also permitted plaintiffs to proceed under a pseudonym when bringing claims based on the unlawful interception of health-related data. *See C.C. v. Meta Platforms Inc.*, Case No. 22-cv-9199 (N.D. Cal.); *Jane Doe v. GoodRx Holdings, Inc.*, No. 3:23-cv-00501 (N.D. Cal.); *John Doe v. GoodRx Holdings, Inc.*, 4:23-cv-00744 (N.D. Cal.); *E.H., et al. v. Meta Platforms, Inc.*, No. 23-cv-04784-JST (N.D. Cal.).

Notably, United States District Judge Jon S. Tigar recently issued an order that is directly on point. *E.H.*, Order (ECF No. X) (N.D. Cal, Oct. 12, 2023) (attached hereto as Exhibit A). In *E.H.*, plaintiffs alleged "that Defendant intercepted and disseminated their identifiable private health information, including mental health symptoms and the fact they sought mental health treatment." Ex. A at 1. Judge Tigar determined these facts presented a situation in which

2

PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO ALLOW PLAINTIFF TO PROCEED USING A PSEUDONYM

anonymity was required because (i) "[g]iven the sensitive nature of this information, this case is 'unusual,' and pseudonyms are appropriate;" (ii) "Defendant will not be prejudiced if Plaintiffs proceed pseudonymously because Plaintiffs have indicated that they are willing to disclose their identities to Defendant for the purpose of the litigation;" and (iii) "Plaintiffs' use of pseudonyms comports with the public interest" because "Plaintiffs' identities appear[] to have no bearing on the resolution of the issues, and so a pseudonym will not impede public access to the substance of the proceedings." Ex. A at 1-3 (quotations omitted). The same facts Judge Tigar found relevant are present in this action: (i) this case involves highly sensitive health information; (ii) Plaintiff will provide Monte Nido with her name and participate in discovery, meaning Monte Nido will not be prejudiced; and (iii) Plaintiff's identity has no bearing on resolution of issues in this case and, therefore, will not impede public access to the substance of the proceedings.

### C.  Plaintiff Has a Strong Need to Proceed Anonymously.

A plaintiff may proceed under a pseudonym to "preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile Corp.*, 214 F.3d at 1068. Cases involving mental illness that could engender social stigma, including eating disorders, are common candidates for the use of pseudonyms. Ex. A at 1; *Doe v. Rostker*, 89 F.R.D. 158, 161 (N.D. Cal. 1981) (collecting cases).

People with eating disorders face significant stigma in social and professional settings. Eating disorders are categorized as stigmatized mental disorders, as there is "strong evidence" of stigma against people with eating disorders. Brelet, Lisa *et al*. Stigmatization toward People with Anorexia Nervosa, Bulimia Nervosa, and Binge Eating Disorder: A Scoping Review. Nutrients vol. 13, 2834 (2021) at §§ 1.2, 4.1. People with eating disorders can be viewed as dangerous, incompetent, weak, responsible for their condition, etc., and engender negative emotions (e.g., anger and fear) and avoidant behaviors (e.g., withholding assistance with work opportunities) from people without eating disorders. *Id.* at §§ 1.2, 3.2.1. Stigma toward individuals with eating disorders leads to severe adverse outcomes, which include (i) worsening of the eating disorder, (ii) psychological harm, (iii) physical harm, and (iv) deterring treatment-seeking behavior. *Id.* at §§ 1.1-1.2; Ebneter D.S., Latner J.D. Stigmatizing attitudes differ across

3

PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO ALLOW PLAINTIFF TO PROCEED USING A PSEUDONYM

mental health disorders: A comparison of stigma across eating disorders, obesity, and major depressive disorder. J. Nerv. Ment. Dis. 2013; 201:281–285. Stigma also negatively impacts individuals socially (alienation and withdrawal) and professionally (reduction in opportunities afforded to those with eating disorders). Brelet *supra* at §§ 1.2, 3.4.3; Stigma and Eating Disorders, National Eating Disorder Collaboration, https://nedc.com.au/eating-disorders/eating-disorders-explained/stigma/ (last visited Nov. 9. 2023).

Considering the above, Plaintiff has a strong need to proceed under a pseudonym to protect against disclosure of information about her eating disorder. The use of a pseudonym will protect Plaintiff against stigmatization, harassment, and prejudice from her peers and/or employers due to her eating disorder. It will also protect Plaintiff's privacy interest in her personal medical information, which is well-recognized by state and federal law, and allow Plaintiff to control which people know about her eating disorder. If required to proceed under her own name, Plaintiff would not only lose the ability to dictate who knows about her most personal medical conditions, but also would be re-victimized and suffer the same harm alleged in this case—disclosure of her identifiable, highly personal medical information.

**D.  Defendant Will Not be Prejudiced.**

Courts routinely find that defendants are not prejudiced by use of a pseudonym when a plaintiff is willing to disclose his or her identity to the defendant and participate in discovery. Ex. A at 2; *Doe v. City & Cty. of S.F.*, No. 16-cv-06950-KAW, 2017 U.S. Dist. LEXIS 64291, at *6 (N.D. Cal. Apr. 27, 2017) (no prejudice to defendant where it already knows plaintiff's real name); *Doe v. United Airlines, Inc.*, No. 2:17-cv-2825-RFB-NJK, 2018 U.S. Dist. LEXIS 141573, at *5-6 (D. Nev. Aug. 21, 2018) (no prejudice to defendants where one defendant already knows plaintiff's name and plaintiff agreed to disclose her name to the other defendant).

Plaintiff is willing to disclose her name to Defendant and participate in discovery. Moreover, Plaintiff's claims are based on a data breach of Defendant's systems, meaning Defendant already possesses all or nearly all relevant information concerning Plaintiff and her claims. Therefore, Defendant will not be prejudiced by Plaintiff's use of a pseudonym and any such concerns are certainly outweighed by Plaintiff's strong need for anonymity.

**E. Plaintiff's Use of a Pseudonym Comports with the Public Interest.**

"The normal presumption in litigation . . . that parties must use their real names . . . is loosely related to the public's right to open courts and the right of private individuals to confront their accusers." *Doe v. Kamehameha*, 596 F.3d at 1042. However, "[w]here the plaintiffs' identities are not central to the issues raised by a case, … the public interest may not be harmed by permitting plaintiffs to proceed pseudonymously." *Doe v. Github*, 2023 U.S. Dist. LEXIS 86983, 2023 WL 3449131, at *8 (collecting cases). Moreover, permitting use of a pseudonym serves a "strong public interest" where forcing plaintiffs to use their real names would deter others from bringing similar claims. *Doe v. Steele*, No. 20-cv-1818-MMA (MSB), 2020 U.S. Dist. LEXIS 213854, at *12 (S.D. Cal. Nov. 16, 2020).

There is nothing about Plaintiff's identity that makes it central to any issue in this case. She, like every other individual in the Classes she seeks to represent, had had her data accessed by unauthorized third parties in Monte Nido's data breach. Moreover, since Plaintiff is only seeking to protect her name (opposed to broad redactions or sealing), the public will have access to all basic facts, all the court's reasoning, and the interplay of those things, meaning public scrutiny of the case will be unobstructed. *Advanced Textile*, 214 F.3d at 1072 ("The district court did not explain, and we fail to see, how disguising plaintiffs' identities will obstruct public scrutiny to the important issues in this case.").

Finally, permitting Plaintiff to proceed anonymously serves multiple public interests. Not only will it ensure other victims will not be deterred from bringing similar claims, but it will also enable Plaintiff to bring Defendant's actions to light and enable the public to see this case decided on the merits. *Advanced Textile*, 214 F.3d at 1073 (explaining the public has an interest in seeing genuine claims litigated on their merits). Therefore, the public interest is best served by permitting Plaintiff to proceed under a pseudonym.

## **CONCLUSION**

For these reasons, Plaintiff's administrative motion to proceed under a pseudonym should be granted.

DATED: September 11, 2024

**MOGINRUBIN LLP**

*/s/ Timothy Z. LaComb*
Timothy Z. LaComb
Daniel J. Mogin
4225 Executive Square, Suite 600
San Diego, CA 92037
Telephone:  (619) 687-6611
Facsimile:  (619) 687-6610

*Attorneys for Plaintiff*

PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO ALLOW PLAINTIFF TO PROCEED USING A PSEUDONYM

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. H., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>    Defendant. | Case No. 23-cv-04784-JST<br><br>**ORDER GRANTING LEAVE FOR PLAINTIFFS E.H. AND C.S. TO PROCEED UNDER PSEUDONYM**<br><br>Re: ECF No. 3 |

Before the Court is Plaintiffs' unopposed motion seeking leave to proceed under pseudonym. ECF No. 3. The Court will grant the motion.

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). Parties may proceed pseudonymously only "when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (ellipses in original) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). The necessity of protection must "outweigh[] prejudice to the opposing party and the public's interest in knowing the party's identity" to justify the use of pseudonyms. *Advanced Textile*, 214 F.3d at 1068.

A plaintiff may proceed pseudonymously where she seeks to "preserve privacy in a matter of sensitive and highly personal nature." *Id.* (quotation marks omitted). Cases involving mental illness that could engender social stigma are common candidates for the use of pseudonyms. *See Doe v. Rostker*, 89 F.R.D. 158, 161 (N.D. Cal. 1981) (collecting cases). Here, Plaintiffs claim that Defendant intercepted and disseminated their identifiable private health information, including mental health symptoms and the fact that they sought mental health treatment. Plaintiffs argue

that pseudonyms are necessary to avoid discrimination in social and employment contexts and to preserve their ability to choose whether and to whom they disclose their mental health concerns. Given the sensitive nature of this information, this case is "unusual," and pseudonyms are appropriate. *Advanced Textile*, 214 F.3d at 1068 (quoting *Doe*, 655 F.2d at 922 n.1); *see K.H.B. ex rel. K.D.B. v. UnitedHealthcare Ins. Co.*, No. C 18-04175 WHA, 2018 WL 4053457, at *1 (N.D. Cal. Aug. 24, 2018); *Doe v. Lincoln Nat'l Life Ins. Co.*, No. 2:22-cv-00491-RSM, 2022 WL 2237214, at *1 (W.D. Wash. June 22, 2022).

Defendant will not be prejudiced if Plaintiffs proceed pseudonymously because Plaintiffs have indicated that they are willing to disclose their identities to Defendants for the purposes of the litigation. ECF No. 3 at 3; *see Jane Roes 1–2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015) ("[W]hatever knowledge defendants have of plaintiffs' identities . . . lessens their claims to be prejudiced by the use of pseudonyms." (quotation omitted)).

Finally, Plaintiffs' use of pseudonyms comports with the public interest. "Where the plaintiffs' identities are not central to the issues raised by a case . . . the public interest may not be harmed by permitting plaintiffs to proceed pseudonymously." *Doe 1 v. Github, Inc.*, --- F. Supp. 3d ----, No. 22-cv-06823-JST, 2023 WL 3449131, at *8 (N.D. Cal. May 11, 2023) (collecting cases). In this putative class action, Plaintiffs' identities "appear[] to have no bearing on the resolution of the issues," and so "a pseudonym will not impede public access to the substance of the proceedings." *Doe v. United of Omaha Life Ins. Co.*, No. 23-CV-02307-JST, 2023 WL 5919287 (N.D. Cal. Aug. 21, 2023) (quoting *Doe v. County of El Dorado*, No. 2:13-CV-01433-KJM, 2013 WL 6230342, at *6 (E.D. Cal. Dec. 2, 2013)).

///
///
///
///
///
///
///

2

Balancing the foregoing considerations, the Court concludes that Plaintiffs' need for anonymity outweighs prejudice to Defendant and the public's interest in knowing Plaintiffs' identities. Plaintiffs' motion is therefore granted, and Plaintiffs may continue to proceed using their initials.

**IT IS SO ORDERED.**

Dated: October 11, 2023



_____
JON S. TIGAR
United States District Judge

3